**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

WENDELL FAIRCLOTH,          :

    Plaintiff,                          :

vs.                                                        CA 06-0191-BH-C

                                                 :

JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Court for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on plaintiff's motion to dismiss (Doc. 9).

      Comes now the undersigned attorney G. Wayne Ashbee for Wendell K. Faircloth in the above styled cause and respectfully says and shows to the court as follows:

      1.    Plaintiff has failed to cooperate with his attorney in the prosecution of this appeal and has indicated to his attorney he no longer desires to appeal the denial of his claim for benefits to this court.

      2.    The undersigned has notified Plaintiff in writing and explained his intent to dismiss his claim based on the aforementioned reason, to which he has received no response.

      WHEREFORE, the undersigned respectfully requests this Court to dismiss this matter.

(*Id.*)

Rule 41(a)(2) of the Federal Rules of Civil Procedure reads, in relevant part, as follows: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." While "[a] dismissal under Rule 41(a)(2) is generally without prejudice[,]" this Court "has the power to specify otherwise." *Druhan v. American Mut. Life*, 166 F.3d 1324, 1325 n.3 (11th Cir. 1999) (citation omitted).

Given the representation of plaintiff's counsel that the plaintiff no longer desires to pursue his appeal of the denial of benefits in this Court (Doc. 9, ¶ 1), the undersigned recommends that the Court grant plaintiff's motion to dismiss. While the undersigned recommends a dismissal of the complaint under Fed.R.Civ.P. 41(a)(2), the plaintiff is put on notice that this Court cannot specifically state that the dismissal is without prejudice in light of the statutory requirement that a claimant commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the

Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The United States Supreme Court has concluded that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-480, 106 S.Ct. 2022, 2029-2030, 90 L.Ed.2d 462 (1986). The plaintiff in this case appears to have commenced his action within sixty days of the Commissioner's final decision (*see* Doc. 1),[1] and the effect of allowing him to now dismiss this action may subject any subsequent complaint filed by the plaintiff to a statute of limitations defense. Accordingly, while the undersigned recommends that the Court grant plaintiff's motion to dismiss this action pursuant to Fed.R.Civ.P. 41(a)(2), the Court need take the position that such dismissal may indeed result in prejudice to the plaintiff in the future.

## **CONCLUSION**

In consideration of the foregoing, the undersigned recommends that this cause of action be **DISMISSED** pursuant to Rule 41(a)(2) of the Federal Rules

---

[1] The Commissioner's regulations specifically provide that an individual may file a civil action in a federal district court 60 days after the date of receipt of notice of the Appeals Council's action, 20 C.F.R. § 404.981 (2005), and the date of receipt is presumed to be five (5) days after the date on the notice, unless it is shown that the notice was not received within the 5-day period, 20 C.F.R. § 404.901.

of Civil Procedure.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 24th day of May, 2006.

                 s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.       *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE